FILED-ED4

02 MAY 28 PM 3: 26

CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NCR Corporation

      Plaintiff,

vs.

uBid, Inc., d/b/a uBid.com

      Defendant.

Case Number 02C 2706

Chief Judge Aspen

Magistrate Judge Nolan

JURY TRIAL DEMANDED

**DOCKETED**
MAY 2 9 2002

## ANSWER AND COUNTERCLAIM
## OF DEFENDANT UBID, INC.

The defendant, uBid, Inc., d/b/a uBid.com ("uBid"), responds as follows to the Complaint by NCR Corporation ("NCR"):

### FIRST DEFENSE

### NATURE OF THE ACTION

1.    uBid admits that NCR has styled this action as a patent infringement lawsuit concerning U.S. Patent Nos. 5,699,526 (the "'536 patent"), 5,951,643 (the "'643 patent"), 5,954,798 (the "'798 patent"), and 6,026,403 (the "'403 patent") (collectively the "patents-in-suit"). uBid denies that that it has infringed, or has induced others to infringe, any of the patents-in-suit. uBid admits that its Internet address is http://www.ubid.com. uBid denies any remaining allegations in Paragraph 1.



2.     uBid admits that NCR purports to be entitled to pecuniary and injunctive relief, but denies that NCR is entitled to any such relief.  uBid also denies that this case is "an exceptional case within the meaning of the Patent statute," and denies that it violated any duty of care with respect to the patents-in-suit.  uBid denies any remaining allegations contained in Paragraph 2.

### THE PARTIES

3.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, therefore, denies them.

4.     uBid admits the allegations contained in Paragraph 4.

### JURISDICTION AND VENUE

5.     uBid admits the allegations contained in Paragraph 5.

6.     uBid admits the allegations contained in Paragraph 6.

### COUNTS

### Count I – Infringement of U.S. Patent Number 5,699,526

7.     uBid repeats and reasserts all responses to Paragraphs 1 through 6 as if they were stated in full herein.

8.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, therefore, denies them.

9.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and, therefore, denies them.

- 2 -

BOSTON 1425383v1

10.     uBid denies the allegations contained in Paragraph 10.

11.     uBid admits that, on February 28, 2002, NCR informed uBid of NCR's belief that uBid infringed the '526 patent.  uBid denies that it has infringed, or induced others to infringe, the '526 patent, and denies that it knew of the '526 patent prior to February 28, 2002.  uBid denies any remaining allegations contained in Paragraph 11.

12.     uBid denies the allegations contained in Paragraph 12.

13.     uBid denies the allegations contained in Paragraph 13.

14.     uBid denies the allegations contained in Paragraph 14.

## Count II – Infringement of U.S. Patent Number 5,951,643

15.     uBid repeats and reasserts all responses to Paragraphs 1 through 14 as if they were stated in full herein.

16.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and, therefore, denies them.

17.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and, therefore, denies them.

18.     uBid denies the allegations contained in Paragraph 18.

19.     uBid admits that, on November 5, 2001, NCR informed uBid of NCR's belief that uBid infringed the '643 patent.  uBid denies that it has infringed, or induced others to infringe,

the '643 patent, and denies that it knew of the '643 patent prior to November 5, 2001. uBid

denies any remaining allegations contained in Paragraph 19.

20.     uBid denies the allegations contained in Paragraph 20.

21.     uBid denies the allegations contained in Paragraph 21.

22.     uBid denies the allegations contained in Paragraph 22.

### Count III – Infringement of U.S. Patent Number 5,954,798

23.     uBid repeats and reasserts all responses to Paragraphs 1 through 22 as if they were

stated in full herein.

24.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 24, and, therefore, denies them.

25.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 25, and, therefore, denies them.

26.     uBid denies the allegations contained in Paragraph 26.

27.     uBid admits that, on November 5, 2001, NCR informed uBid of NCR's belief that

uBid infringed the '798 patent. uBid denies that it has infringed, or induced others to infringe,

the '798 patent, and denies that it knew of the '798 patent prior to November 5, 2001. uBid

denies any remaining allegations contained in Paragraph 27.

28.     uBid denies the allegations contained in Paragraph 28.

29.     uBid denies the allegations contained in Paragraph 29.

BOSTON 1425383v1

30.     uBid denies the allegations contained in Paragraph 30.

## Count IV – Infringement of U.S. Patent Number 6,026,403

31.     uBid repeats and reasserts all responses to Paragraphs 1 through 30 as if they were stated in full herein.

32.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and, therefore, denies them.

33.     uBid lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and, therefore, denies them.

34.     uBid denies the allegations contained in Paragraph 34.

35.     uBid admits that, on November 5, 2001, NCR informed uBid of NCR's belief that uBid infringed the '403 patent.  uBid denies that it has infringed, or induced others to infringe, the '403 patent, and denies that it knew of the '403 patent prior to November 5, 2001.  uBid denies any remaining allegations contained in Paragraph 35.

36.     uBid denies the allegations contained in Paragraph 36.

37.     uBid denies the allegations contained in Paragraph 37.

38.     uBid denies the allegations contained in Paragraph 38.

## SECOND DEFENSE

uBid has not infringed any claim of the patents-in-suit.

### THIRD DEFENSE

The patents-in-suit are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

### FOURTH DEFENSE

At all times relevant hereto, the conduct of uBid was in good faith, engaged in without malice, and was privileged and justified.

### COUNTERCLAIM

uBid counterclaims against NCR as follows:

1.  These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2.  An actual justiciable controversy, as set forth in this counterclaim, exists between uBid and NCR concerning the validity and infringement of the patents-in-suit.

### THE PARTIES

3.  The defendant and counterclaimant uBid is a Delaware corporation, with its principal place of business located in Chicago, Illinois.

4.  Upon information and belief, the plaintiff and counterclaim-defendant NCR is a Maryland corporation with its principal place of business located in Dayton, Ohio.

- 6 -

**JURISDICTION AND VENUE**

5.    The Court has jurisdiction over the parties and the subject matter of these

counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and under the doctrines of pendent

and supplemental jurisdiction.

6.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b).

**COUNT I**

**Declaratory Judgment of Non-Infringement**

7.    uBid repeats and reasserts all allegations in Paragraphs 1 through 6 as if they were

stated in full herein.

8.    uBid has not infringed any claim of the patents-in-suit.

9.    uBid has not ever induced, nor does it now induce, infringement of any claim of the

patents-in-suit.

10.    uBid has not ever contributorily infringed, nor does it now contributorily infringe, any

claim of the patents-in-suit.

11.    uBid is entitled to a declaratory judgment that it has not infringed any claim of the

patents-in-suit.

- 7 -

## COUNT II

### Declaratory Judgment of Invalidity

12.     uBid repeats and reasserts all allegations in Paragraphs 1 through 11 as if they were stated in full herein.

13.     The patents-in-suit are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

14.     uBid is entitled to a declaratory judgment that the patents-in-suit are invalid.

### JURY DEMAND

uBid demands a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, the defendant and counterclaimant uBid respectfully requests that:

A.      the Complaint be dismissed and uBid awarded its costs for this action;

B.      judgment be entered declaring that the patents-in-suit are invalid, and not infringed by uBid;

C.      pursuant to Title 35 of the United States Code, uBid be awarded its attorneys' fees and expert fees incurred in this action; and

- 8 -

D.     uBid be granted such other relief as is just and proper.

uBID, INC.

By its attorneys,

_____
Todd C. Jacobs
Michael Kazan
GRIPPO & ELDEN
227 West Monroe Street, Suite 3600
Chicago, Illinois 60606
(312) 704-7700
(312) 558-1195 (fax)

Of Counsel:

William F. Lee
David B. Bassett
Douglas J. Nash
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (fax)

Dated: May 28, 2002

BOSTON 1425383v1

## CERTIFICATE OF SERVICE

I, Todd C. Jacobs, certify, as counsel for uBid, Inc., that this 28th day of May, 2002, a true

and correct copy of this pleading was served on Steven Z. Szczepanski, Jenkens & Gilchrist, PC,

225 West Washington Street, Chicago, Illinois 60606 by MESSENGER DELIVERY, in

accordance with the Federal Rules of Civil Procedure.

Todd C. Jacobs

- 10 -